IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  03-cv-02639-WYD-MEH

DAVID R. PRICE,

    Plaintiff,

v.

WILSON SPORTING GOODS COMPANY, a Delaware Corporation,

    Defendant.
_____

**ORDER**
_____

I.    INTRODUCTION

    THIS MATTER is before the Court in connection with Plaintiff's Motion to Add Costs to Those Awarded by the Clerk [# 143], filed February 23, 2006.  By way of background, I note that a five-day jury trial was held in this case during the week of January 23, 2006; on January 31, 2006, the jury reached a verdict in favor of Plaintiff; and the judgment was entered on February 9, 2006.  On May 23, 2006, I entered an Order which modified the judgment to make it consistent with Colorado Revised Statute § 13-21-102.5(3)(a), which addresses limitations on noneconomic damages.  An Amended Judgment was filed on June 30, 2006.

    The Bill of Costs was entered by the Clerk of the Court on February 21, 2006, and Plaintiff, through the present motion, seeks $10,292.92 in costs that were not taxed by the Clerk.  For the reasons stated below, Plaintiff's Motion is granted in part and denied in part.

II.    ANALYSIS

    A.    Legal Standard Applicable to Motions for Review of Taxation of Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." FED. R. CIV. P. 54(d)(1). Rule 54 "makes the award of costs presumptive . . . .'" *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1204 (10th Cir. 2000). Although the final award of costs rests within the discretion of the court, *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir.1997), a trial court has no discretion to award costs not contemplated by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). This is because § 1920 is a limited remedy which specifically designates the types of expenses that are reimbursable as costs. *Id.*

    B.    Deposition Transcripts

Section 1920(2) provides for taxation of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff seeks $2662.75 in costs for deposition transcripts from depositions taken by Defendant that were not admitted into evidence in lieu of trial testimony. These include the depositions of Plaintiff David R. Price, David W. Price, Mary Montes, Aaron Hill, Dr. Julie Stapleton, Dr. Nancy Powers, Chester Shira, Bastiaan E. Cornelissen, Dr. James Gracey, Dr. Patricia Pacey, and Pat McKenna. Plaintiff states that "[a]ll of these witnesses necessarily testified at trial on plaintiff's behalf. While we cannot say with absolute certainty that defendant's counsel used each of these witness'

deposition in his cross-examination, we can say with certainty that throughout the trial, he did use cross-examination by deposition extensively." Pl.'s Mot. at 3. Defendant counters that the Plaintiff did not use the depositions at trial and that the costs should not be permitted. Def.'s Resp. at 1.

Section 1920 "authorizes recovery of costs with respect to all depositions reasonably necessary to the litigation of the case." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1204 (10th Cir. 2000) (quoting *Furr v. AT & T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)). "A district court does not abuse its discretion in taxing transcription costs associated with depositions that were actually utilized by the court in considering [the defendant's] motion for summary judgment." *Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471, 1474 (10th Cir. 1997). In the present case, however, Plaintiff does not argue the depositions were utilized by the court in considering the summary judgment motions.

The Tenth Circuit also stated in *Mitchell* that an award of costs was proper as to depositions of the defendants that the plaintiff requested, stating that the plaintiff's argument that costs should not be awarded for such costs "borders on the absurd." *Mitchell*, 218 F.3d at 1204. *Mitchell* further held that costs were recoverable even as to deposition transcripts that were not used in the summary judgment motions, stating "it would be 'inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which otherwise appeared necessary at the time it was taken for proper preparation of the case.'" *Id*. at 1204–05

(quotation omitted).

I previously adopted the following test to determine which depositions costs are recoverable:

> (1) costs for depositions taken solely for discovery purposes or for counsel's convenience are not taxable; (2) costs of both the stenographic transcription and the videotaping of the deposition of individuals who later testified at trial are taxable; (3) costs for depositions cited in summary judgment briefs are taxable; (4) costs of depositions where depositions excerpts were exchanged for use at trial are taxable; (5) for categories 3 and 4 above, only the cost of the stenographic transcript is taxable, unless the witness also testified at trial; (6) costs for depositions of individuals who did not testify at trial or appear on the parties' pretrial order and one of the parties' final witness lists are not taxable, unless these depositions fall into category 3 or 4 above; and (7) costs of the stenographic transcripts of individuals who did not testify at trial but whose names appeared on the pretrial order as well as one of the parties' final witness list are taxable.

*Karsian v. Inter-Reg'l Fin. Group, Inc.*, 13 F. Supp.2d 1085, 1088 (D. Colo. 1998).

Following the test I adopted in *Karsian*, I find that the deposition costs sought by Plaintiff are taxable under the second category and that this result is consistent with Tenth Circuit law. Plaintiff seeks recovery for the costs of transcription of the depositions of eleven witnesses who testified at trial, and I find that these costs are taxable.

### C. Copying Costs

Section 1920(4) provides for the taxation of "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Plaintiff seeks $203.55 in costs for copies of Dr. Gracey's complete file on Plaintiff, which was requested by Defendant in preparation for Dr. Gracey's deposition. Dr. Gracey was Plaintiff's vocational rehabilitation expert who testified at trial. I find that the copy of Dr.

Gracey's file was "necessarily obtained for use in the case" and that the cost is taxable under § 1920(4).

### D. Rental Car Cost

Plaintiff finally seeks costs for Dr. Wittenberg's rental car, as Dr. Wittenberg was a witness at trial. Under 28 U.S.C. § 1821, Plaintiff may recover an attendance fee each day for witnesses as well as costs for reasonable travel expenses. While a witness's rental car seems to be the type of reasonable travel expense contemplated by the statute, the statute also requires that "[a] receipt or other evidence of actual cost shall be furnished." 28 U.S.C. § 1821(c)(1). Plaintiff has not presented evidence of actual cost. Plaintiff only provided an email confirmation from Avis of a rental car reservation. While the reservation provided the date and location of pick-up and return, there is no information regarding cost of the rental car. Instead, "$345.04" is hand-written at the top of the email confirmation. The statute explicitly requires receipts supporting such expenses, and I do not find that the confirmation email provided by Plaintiff is a receipt or sufficient evidence of the actual cost of the rental car. Accordingly, Plaintiff's request that the rental car fee be taxed is denied.

### III. CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion to Add Costs to Those Awarded by the Clerk is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded the following costs requested in his motion: (1) deposition transcription costs of $2662.75 and (2) copying costs of $203.55. The cost requested for Dr. Wittenberg's rental car is denied.

Dated: June 30, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge